UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  21-cv-23239-BLOOM/Otazo-Reyes

RCI HOSPITALITY HOLDINGS, INC.,

    Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY AND PRETRIAL DEADLINES [DE 37]**

Defendant, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), responds in opposition to Plaintiff's Motion to Extend the Discovery and Pretrial Deadlines [DE 37] within the expedited time period prescribed by the Court's Paperless Order [DE 39]:

**I.    Summary of Argument**

Plaintiff belatedly moves to extend the expired discovery and motion deadlines so that it can depose its own expert, continue deposing Arch's corporate representative, and take two additional depositions.  While not mentioned within the motion, Plaintiff also served supplemental Rule 26 disclosures on August 22, 2022 that identified a new witness and provided previously undisclosed estimates dated February 9, 2022.  Given the motion and the new disclosures, Plaintiff wishes for the Court to completely reopen discovery so Plaintiff can attempt to cure the many issues identified within Arch's pending motions.

Plaintiff's extension requests came twenty-five days following the expiration of the discovery deadline and four days following the motion deadline.  During this time period, Arch diligently prepared itself for trial and timely filed its motion for summary judgment and three

1

other motions that are potentially equally dispositive.  Plaintiff's untimely extension requests are highly prejudicial given the request to reopen discovery while having Arch's dispositive motions in hand.  A review of the actual events regarding these requested depositions and the late Rule 26 supplemental disclosures shows only a lack of diligence by Plaintiff and its counsel.  Therefore, Arch respectfully requests for the Court to deny Plaintiff's motion and rule upon Arch's pending motions.

## II.     Facts

1. On June 6, 2022, the parties jointly requested that the Court extend the discovery and motion deadlines.  [DE 25].  The parties represented to the Court that this was "the Parties' only request for extension."  [DE 25; p. 2, ¶2].  On June 7, 2022, the Court ordered for discovery to be completed by July 25, 2022, and all pretrial motions be filed by August 15, 2022.  [DE 26].

2. Arch diligently prepared its case for trial and timely conducted its motion practice while cognizant of the Court's deadlines.  On August 11, 2022, Arch filed its *Daubert* motion to exclude the testimony of Plaintiff's expert, Harold Charles, who refused to comply with three subpoenas for documents and his deposition within the discovery deadline despite coordination with Plaintiff's counsel.  [DE 30; p. 11, ¶ 27, ¶28; ¶29].  Even after Mr. Charles failed to appear for his scheduled deposition on July 25, 2022, Arch still offered to take Mr. Charles' deposition before the pretrial motion deadline, but Plaintiff's counsel did not timely respond.  [DE 30; p. 12, ¶31].  Arch also moved to strike Mark Dorsten, who among other issues, never prepared an expert report.  [DE 29].  Arch further moved to limit the testimony of the public adjuster's apprentice from providing expert opinions.  [DE 28].

3. On August 15, 2022, Arch filed its Motion for Summary Judgment on the pretrial motion deadline.  [DE 33].  This included Defendant's Notice of Filing Exhibits Cited in

Defendant's Motion for Summary Judgment [DE 31] and Defendant's Statement of Undisputed Material Facts [DE 32].

4. Plaintiff did not file any motions within either the discovery or pretrial motion deadlines.

5. Plaintiff then filed its Motion to Extend and/or Continue the Discovery and Pre-Trial Deadline on August 19, 2022. [DE 37]. Plaintiff alleges its motion is necessary for several reasons including the alleged need to depose its own expert, Harold Charles, given his failure to appear or respond to Arch's subpoenas over a six month period. [DE 37; p. 2, ¶5].

6. Plaintiff's chief complaint appears to be regarding a deposition it took of Arch's corporate representative. Counsel states that Arch "refused to allow a continuation deposition of the corporate representative. It should be noted that, again, this was something outside the control of Plaintiff and Plaintiff should not be prejudiced or punished . . ." [DE 37; p. 2, ¶31].

7. Plaintiff scheduled Arch's corporate representative deposition to begin at 1:30pm on Friday, July 22, 2022. [DE 37; p. 5, ¶28]. The deposition went forward, but Plaintiff's counsel abruptly ended the deposition at 5:00pm even though Arch offered to complete the deposition until its conclusion. Within the motion, counsel alleges that she ended the deposition so that she could attend to a "previous conflict with care" for her daughter. [DE 37; p. 5, ¶30]. This is the first instance where counsel alleged her conflict related to childcare.

8. It was the undersigned's impression that counsel terminated the deposition simply because it was Friday at 5:00pm. Given this, Arch ordered an expedited copy of this deposition transcript for the Court's review. We have attached the transcript as **"Exhibit A."** This transcript confirms that counsel sought to continue Arch's corporate representative deposition until another day because it was Friday at 5:00pm. Further, Arch timely objected to the

continuation and offered for its witness to sit for questioning until the deposition's conclusion:

| | |
|---|---|
| **Ms. Lombardo:** | **Well, I have it was past 05:00. I have prior engagements. It's Friday. I'm going to have to suspend and continue your deposition for another day. I apologize that I was not faster and that my Xfinity went down. But we'll have to continue your deposition.** |
| Mr. Ramey: | We object to continuing the deposition. Mr. Wanczyk is here in [Tampa]. |
| The Witness: | I've traveled from New Jersey. |
| Mr. Ramey: | He's here and ready. |
| **The Witness:** | **Here I'm available to midnight tonight. I have no obligations. I freed up my calendar months in advance. I changed my schedule more than once for you. I'm here. I'm being inconvenience[d] and I'm available till midnight, tonight to be deposed.** |
| **Ms. Lombardo:** | **Okay. Well, for the record, this was via Zoom and I don't know the Court Reporter's schedule or anything like that, but I don't mine. And I'm not staying past 05:00. So, I'm going to suspend and continue the deposition.** |
| Mr. Ramey: | We again, object. |
| Ms. Lombardo: | Okay.[1] |

9. Please note that Arch's corporate representative, Jon Wanczyk (senior vice president, property claims manager) traveled to Tampa, Florida from Jersey City, New Jersey to both prepare and sit for this corporate representative deposition. As communicated on the record, Mr. Wanczyk was ready to sit for his deposition to its conclusion given his travel, preparation, and the looming discovery deadline one business day later. Plaintiff's counsel still refused to continue her deposition past 5:00pm despite these issues.

10. Plaintiff additionally sought the continuation of Arch's corporate representative

---

[1] Deposition of Arch Specialty Insurance Company, taken on July 22, 2021, p. 98 (line 11) – p. 99 (line 9).

4

deposition earlier during the proceedings due to an internet issue. Plaintiff alleges that the undersigned "would not allow a continuance" of the deposition due to the loss of internet. [DE 37, ¶29.] This is true. The undersigned encouraged counsel to again find an internet connection to question the corporate representative witness given the above.

11. Plaintiff's motion contains additional inaccuracies that require further discussion. Each of these issues evidences counsel's lack of diligence or acceptance of accountability.

12. Plaintiff states that "[s]ince this litigation started, it is the undersigned's understanding that Mr. Charles has not been cooperative with defense counsel in appearing for scheduling depositions. It seems counterintuitive that Plaintiff should be punished for this issue, as it is outside of Plaintiff's control and Defendant has not sought court intervention regarding Mr. Charles' nonappearance." [DE 37; p. 4-5, ¶ 24-25].

13. Arch worked with reasonable compromise to depose Mr. Charles including rescheduling his deposition and serving multiple subpoenas at Plaintiff's urging. This is Plaintiff's own expert. Contrary to the allegations, Arch clearly sought Court intervention within its *Daubert* Motion to Exclude Testimony of Plaintiff's Expert, Harold Charles, and/or Motion to Strike Harold Charles for Failing to Comply with Three Subpoenas. [DE 30.]

14. Plaintiff alleges that Arch refused to take Mr. Charles' deposition after the discovery deadline. This is incorrect. While there is no requirement for Arch to take such a deposition after the discovery deadline, Arch still sought the deposition in lieu of filing a motion to strike. On July 25, 2022, Arch made its last attempt to reschedule Mr. Charles' deposition and to obtain the requested documents without the need to file a motion to strike as long as the deposition occurred in the following week, which would have allowed Arch one week to prepare a *Daubert* motion based upon his testimony both at deposition and the examination under oath.

**See Exhibit "B."** Plaintiff did not respond to this request, so Arch drafted and filed its *Daubert* motion based upon the previous examination under oath testimony. [DE 30; p. 12; ¶31].

15. On August 18, 2022, three days after the motion deadline, Plaintiff unilaterally set the deposition of Mr. Charles to occur on August 24, 2022. *See* **Exhibit "C."** In opposition to the unilaterally set deposition, Arch emailed Plaintiff's counsel to request that such a deposition not take place pursuant to S.D. Fla. Loc. R. 26.1(d) given the expiration of the deadlines for discovery and motions. *See* **Exhibit "D."** Obviously, by this time, Arch had been prejudiced by Plaintiff's expert ignoring the subpoenas, and the motion deadline had passed.

16. Plaintiff's final issue relates to its failure to depose Nicholas Saenz and Christopher Fidler. On May 31, 2022, Plaintiff received responsive documents for Nicholas Saenz's deposition, which allowed Plaintiff to prepare for the deposition scheduled for June 1, 2022. [DE 37-1]. Plaintiff did not provide additional dates to depose Mr. Saenz despite Arch requesting such. On June 10, 2022, June 15, 2022, and June 17, 2022, Arch requested Plaintiff's June/July availability to schedule Mr. Saenz and Mr. Fidler. Plaintiff did not provide this. *See* **Exhibit "E."** We further note that Mr. Fidler was not listed as an expert witness, and Arch communicated this to counsel given his relatively minimal involvement. *See* **Exhibit "F."**

17. Plaintiff further has been in possession of Mr. Saenz's written report for years. The report was first provided to Plaintiff as an attachment to Arch's First Denial Letter on August 18, 2020. If counsel wished to go forward with Mr. Saenz's deposition on either occasion, counsel could have begun her questioning with the report containing Mr. Saenz's opinions and then follow up questions could have been asked regarding his file that was provided the day before the deposition.

18. Arch highlights the admission that counsel simply missed the document

production of Mr. Saenz's file.  Counsel stated: "It was later brought to the undersigned's attention that the documents were sent via 'sharelink' inconspicuously at the bottom of an email relating to a Privilege Log, attached hereto as Exhibit A.  6,744 documents were produced." Counsel further neglects to alert the Court that the vast majority of the documents were simply photographs taken during the property inspections. [DE 37; ¶17].

19. In addition to unilaterally setting depositions after the deadlines in violation of S.D. Fla. Loc. R. 26.1(d),[2] Plaintiff served supplemental Rule 26 disclosures earlier this week on August 22, 2022.  These disclosures and two new estimates for roof replacements are attached as **Exhibit "G."**  The evident changes to Plaintiff's disclosures reveals the first identification of "Oceans Roofing & Waterproofing" as a witness that apparently prepared two estimates for the cost to replace the roofing systems at the property.  The two estimates are for $854,427.00 and $353,720.00, respectively.  It appears that the Plaintiff seeks to use this new entity to belatedly provide hearsay expert opinion testimony.

20. The two attached estimates both were written on February 9, 2022, so Plaintiff has had the two estimates in its possession for over six months.

21. Arch is unaware why these estimates were not previously provided in response to its requests for production or to the *duces tecum* requests at the deposition of Plaintiff's corporate representative.  There is no reasonable explanation for the failure to produce this information, nor can there be.

22. Finally, as illustrated in the belated Rule 26 disclosures from days ago, it appears that Plaintiff is changing its valuation of the case.  Plaintiff stated that its "total demand" is "$4,222,932.39 + interest and attorneys' fees and costs."  This differs from Plaintiff's corporate

---

[2] Plaintiff also unilaterally set the depositions of Arch's corporate representative, Mr. Saenz, and Mr. Fidler to occur on Friday, August 19, 2022 after receiving Arch's pending motions.  Arch objected to these depositions as untimely.

representative's testimony at his deposition on June 29, 2022 where he testified that damages allegedly caused by Hurricane Irma to Tootsie's Cabaret total $12,646,810.66 at replacement cost.[3] At the time, this amount was composed of $11,065,221.09 based upon an estimate created by the public adjuster's apprentice and additional invoices and estimates as identified by Plaintiff in its responses to interrogatories.[4]

23. It appears this shift may have been caused by Arch's motion *in limine* to limit the testimony of the public adjuster's apprentice from providing expert opinions. [DE 28]. But, this new information certainly calls into question Plaintiff's claims in this litigation.

### III. <u>Memorandum of Law</u>

#### A. <u>Standard</u>

In order to justify a modification, the party moving for the extension must show good cause after the scheduling order's deadline expired. *Sosa v. Airprint Sys., Inc.* 133 F.3d 1417, 1419 (11th Cir. 1998). Otherwise, "we would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* A party cannot show good cause when the party failed to diligently pursue its claim. *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012). Parties further lack diligence, when the party "(1) had full knowledge of the information with which he later sought . . . or (2) failed to seek the information he needed." *Ledbetter v. S.T.A.R. Sec. Corp.*, 19-14018-CIV, 2020 WL 10459635, at *3 (S.D. Fla. June 10, 2020)(citations omitted). "Scheduling conflicts are a part of life. Counsel is expected to be able to resolve such conflicts and diligently work to comply with the Court's deadlines. Otherwise, the Court's deadlines would be meaningless." *Fed. Election Commn v. Rivera*, 17-22643-CIV, 2021 WL 8820201, at

---

[3] Proof of Loss (D.E. 1-6).
[4] Exhibit 1, Deposition of RCI Hospitality Holdings, Inc., taken on June 29, 2022, p.51 (line 10) – p. 52 (line 10).

\*1 (S.D. Fla. Feb. 25, 2021).  As such, Courts generally disfavor extending deadlines.  *Diggory v. Safeco Ins. Co. of Illinois*, 2:19-CV-367-FTM-NPM, 2020 WL 4570379, at \*2 (M.D. Fla. Aug. 7, 2020).

### B. Plaintiff's motion is untimely.

"Recognizing the perils of disorderly litigation, '[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely." *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000)(quoting *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997).   The Advisory Committee Notes to Fed. R. Civ. P. 16 explain that a party is required to show "good cause if [the deadline] cannot reasonably be met despite the diligence of the party seeking the extension."  Here, Plaintiff filed its motion for extension twenty-five days after the discovery deadline and four days after the motions deadline.  Plaintiff fails to explain why it did not timely file its motion within either deadline.  The untimeliness of Plaintiff's motion requires its denial as an initial matter.  *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988)(denying pretrial motions as untimely); *Seachase Condo. Owner's Ass'n, Inc. v. Nextel WIP Lease Corp.*, CV 1:12-00711-N, 2013 WL 12123215, at \*2 (S.D. Ala. Sept. 23, 2013)(same); *Castillo v. Cessna Aircraft Co.*, 08-21850-CIV, 2010 WL 11505792, at \*1 (S.D. Fla. July 26, 2010)(same).

### C. Plaintiff failed to act diligently.

This is a case where, at deposition two months ago, Plaintiff claimed entitlement to $12,646,810.66 at replacement cost for alleged Hurricane Irma damage that occurred five years ago.  While Arch prepared itself for trial and filed four timely motions, Plaintiff now wishes for the Court to provide additional time for discovery to combat the pending motions.  Each untimely discovery issue argued by counsel is adequately debunked and explained above.

However, the actions surrounding Arch's corporate representative deposition are especially representative of this fact. On one hand, Arch's witness traveled from New Jersey to Florida in order to prepare and sit for the deposition in person with his counsel. This showed the witness' commitment to combating the lawsuit filed against Arch. On the other, Plaintiff scheduled the deposition to begin at 1:30pm on the Friday before the discovery deadline, and counsel sought to continue the deposition first due to an internet issue and then because it was Friday at 5:00pm. Upon being told that Arch had no objection for the deposition continuing to its conclusion, Plaintiff's counsel declined and ceased questioning.

Generally depositions are limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). Arch offered to provide counsel access to its corporate representative even after business hours despite Plaintiff's choice to begin the deposition on a Friday at 1:30pm. Courts deny continued depositions when the time for depositions has passed. *F.C. Bloxom Co. v. Tom Lange Co. Intl., Inc.*, 20-CV-3147, 2022 WL 527831, at *1 (C.D. Ill. Feb. 22, 2022); *Lovejoy v. Patton*, 2:08CV936DAK, 2011 WL 13237626, at *2 (D. Utah Dec. 1, 2011).

Arch further did everything it could to procure documentation and testimony from Plaintiff's expert, Harold Charles. Mr. Charles ignored three separate subpoenas over a six month period. Plaintiff's solution to the prejudice to Arch was to unilaterally schedule its own expert for his deposition after the deadlines passed while simultaneously having Arch's *Daubert* motion and motion to strike [DE 30] in hand. Obviously, this would only exacerbate the prejudice to Arch and is not compliant with the rules. Despite what occurred, Arch still diligently and timely filed the motion before the deadline. We note that Plaintiff does not explain why the deposition of its own expert could not occur within the discovery period, especially when such requests were coordinated with the Plaintiff, and Arch served the expert

with subpoenas at Plaintiff's request on multiple occasions. *See also*, S.D. Fla. Loc. R. 26.1(d) (Completion of discovery . . . Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.").[5]

Finally, Plaintiff cancelled the depositions of Mr. Saenz and Mr. Fidler. Plaintiff was aware of both witnesses since before litigation even commenced, and each were disclosed in Arch's Fed. R. Civ. P. 26(a)(1)(A) disclosures. On June 17, 2022, Arch requested dates to move these depositions forward. Plaintiff did not respond. It was only until the receipt of Arch's pending motions did Plaintiff follow up regarding these depositions. This is another example of Plaintiff's lack of diligence that should not be condoned. *See also, Poe v. Carnival Corp.*, 06-20139-CIV, 2007 WL 211118, at *2 (S.D. Fla. Jan. 23, 2007)(rejecting discovery motion as the motion "would have the Court ignore its scheduling deadlines due to Defendant's inaction, which the Court will not do."); *Off. Depot, Inc. v. Arnold*, 16-CV-81650, 2017 WL 4876207, at *1-2 (S.D. Fla. Aug. 1, 2017)(preventing discovery after deadlines had passed).

      **D.**      **<u>Granting the motion will result in clear legal prejudice.</u>**

Discovery concluded, the deadlines passed, and Arch's motions are ripe for resolution. Plaintiff's extension requests are only an effort to "avoid an adverse summary judgment ruling," something where modifications are routinely denied. *Loc. 472 of United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Indus. Of U.S. and Canada v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982). Factors for legal prejudice include, but are not limited to, the "plaintiff's insufficient explanation . . ., the defendant's effort and expense of preparation for

---

[5] The Court's October 4, 2021 Order requires that for the multitude of purported discovery issues raised, that the moving party "must seek relief within fifteen (15) days after the occurrence of the grounds for relief[.]" [DE 20; p. 6]. Plaintiff's lack of diligence is further confirmed as it is long after 15 days after the occurrence of the alleged grounds for relief for these alleged discovery issues. This alone operates as waiver.

trial; excessive delay and lack of diligence on the plaintiff's part in prosecuting the action; and whether the defendant has filed a motion for summary judgment." *Glades First Ctr., LLC v. Arch Specialty Ins. Co.*, 20-CV-80343, 2020 WL 5648315, at *2 (S.D. Fla. Sept. 22, 2020). Arch addresses each factor in turn.

(1) Plaintiff's explanation is insufficient. Plaintiff does not explain why it could not have raised its discovery issues during the discovery period, and does not explain why it could not have filed pretrial motions within the Court's deadlines.

(2) Arch diligently prepared its case for trial at great expense. Arch conducted and defended depositions. Arch's corporate representative was deposed. Arch incurred expenses and great efforts to ensure its pretrial and dispositive motions were submitted timely.

(3) Plaintiff acted with a lack of diligence, as explained above.

(4) Arch moved for summary judgment.

The legal prejudice is obvious as Plaintiff seeks time for additional discovery while having Arch's pending motions in hand. Plaintiff is seeking an "escape hatch for claims whose weaknesses have been laid bare through the very litigation that Plaintiffs initiated." *Glades First*, 20-CV-80343, 2020 WL 5648315, at *3; *see also*, *Siplin v. Carnival Corp.*, 17-CIV-23741, 2018 WL 2688932, at *3 (S.D. Fla. June 5, 2018); *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 684 (M.D. Fla. 2010).

> **E.    Plaintiff's actions since filing the motion by serving new Rule 26 disclosures and providing damage estimates within its possession since February 2022 clearly shows bad faith and further evidence of prejudice.**

While Plaintiff filed its motion for extension on August 19, 2022, it then issued new Rule 26 disclosures identifying a new witness and the production of new documents on August 22, 2022. It further decreased the valuation of its case by $8 million, which is yet another example

of how it was legally impossible that Arch breached its insurance contract by failing to pay the insurance claim. Plaintiff's actions show a clear disregard for the Federal Rules of Civil Procedure and the Local Rules, so Arch respectfully requests that the Court deny Plaintiff's motion.

WHEREFORE, Defendant, ARCH SPECIALTY INSURANCE COMPANY, respectfully requests that the Court deny Plaintiff's Motions to Extend the Discovery and Pretrial Deadlines [DE 37] and all other relief deemed equitable under the circumstances.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Christopher M. Ramey
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.: 0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.: 1008138
jsblano@butler.legal
MADELINE S. MECONNAHEY, ESQ.
Florida Bar No.: 1033019
mmeconnahey@butler.legal
Secondary: hkerr@butler.legal
            clugo@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Arch Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on August 24, 2022, on all counsel or parties of record on the Service List below.

    John A. Salcedo, Esq.
    Lauren Lombardo, Esq.
    The Mineo Salcedo Law Firm, P.A.
    5600 Davie Road
    Davie, FL 33314
    jsalcedo@mineolaw.com
    Secondary: Service@mineolaw.com
    T: (954) 463-8100
    F: (954) 463-8106
    Counsel for Plaintiff, RCI
    HOSPITALITY HOLDINGS, INC.

                                          /s/ Christopher M. Ramey
                                          CHRISTOPHER M. RAMEY, ESQ.