**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23239-BLOOM/Otazo-Reyes**

RCI HOSPITALITY HOLDINGS, INC.,

     Plaintiff,

v.

ARCH SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

**ORDER ON MOTION TO EXTEND AND/OR CONTINUE THE DISCOVERY
AND PRE-TRIAL [MOTIONS] DEADLINE**

**THIS CAUSE** is before the Court upon Plaintiff RCI Hospitality Holdings, Inc.

("Plaintiff" or "RCI") Motion to Extend and/or Continue the Discovery and Pre-Trial [Motions]

Deadline, ECF No. [37] ("Motion"), filed on August 19, 2022. After the Court ordered an

expedited response, *see* ECF No. [39], Defendant Arch Specialty Insurance Company

("Defendant" or "Arch") filed its Response in Opposition, ECF No. [41]. The Court has carefully

considered the Motion and Response, the record in this case, the applicable law, and is otherwise

fully advised. For the reasons that follow, the Motion is denied.

This case arises from damage allegedly sustained to Plaintiff's property, which was insured

under a policy issued by Defendant. *See generally* ECF No. [1]. According to the Complaint, Arch

breached the insurance policy by denying coverage and refusing to pay the full amount of the

claim, or a reasonable amount. *Id*. ¶ 8. As such, Plaintiff asserts one count of breach of contract

against Defendant and a claim for declaratory relief. *See id.* at 7-9.

On October 4, 2021, the Court entered its Scheduling Order, ECF No. [20], setting a deadline of July 12, 2022 for the completion of all discovery, including expert discovery, and August 3, 2022 as the deadline for filing of all pre-trial motions. Upon the parties' joint request, *see* ECF No. [25], which the Court granted in part, the Court extended the discovery deadline to July 25, 2022, and the pre-trial motions deadline to August 15, 2022. ECF No. [26]. In the Motion, Plaintiff requests that the Court again extend these deadlines. Plaintiff asserts that the extensions are needed to conduct additional depositions, some of which were not completed due to several last minute document productions by Defendant. In addition, Plaintiff's expert, Harold Charles, who is the subject of a pending motion to strike, ECF No. [30], has not yet been deposed because he has not been cooperative in appearing for his scheduled deposition. In support of its request, Plaintiff points out that the Court did not provide the full thirty-day extension of the deadlines that the parties previously requested, Defendant's late document productions required Plaintiff to reschedule key depositions in order to be adequately prepared, and Plaintiff should not be penalized for its own expert's uncooperativeness.

Defendant opposes the request, arguing that the Motion is untimely, Plaintiff has failed to act diligently, and the further extension of deadlines, including the reopening of discovery now that Defendant's pre-trial motions have been filed, will result in prejudice to Defendant. Upon review, the Court agrees with Defendant.

Pursuant to Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Furthermore, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time for discovery. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified

only "for good cause and with the judge's consent." *See id.* at R. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted).

If Plaintiff's Motion had been filed before expiration of the discovery deadline in the Scheduling Order, the Court would consider whether the failure to act was due to excusable neglect. However, because Plaintiff is seeking the extension of the Scheduling Order's deadline after its expiration, the Court must consider whether Plaintiff has shown good cause for the requested extension. *See id.* at 1419 ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). Here, based upon the record, Plaintiff has failed to show good cause because Plaintiff has not been diligent.

First, the Motion is patently untimely. Notably, Plaintiff filed the Motion four days after the pre-trial motion deadline, eight days after Defendant filed its pre-trial motions, and more than four weeks after the discovery cut-off. Plaintiff has not explained the failure to timely move for a further extension of the applicable deadlines, other than to indicate that the Court did not grant the full thirty-day extension jointly requested by the parties in June. However, that fact does not provide an adequate explanation for the untimeliness of Plaintiff's Motion.

Second, the Motion is the first instance in which the Court has been made aware of any apparent scheduling delays preventing Plaintiff from timely complying with the discovery and pre-trial motions deadlines. In the Motion, for example, Plaintiff asserts that the depositions of various witnesses were delayed because of late document productions by Defendant—the depositions of Lawrence Kaplan, Defendant's adjuster; and Defendant's experts, Samuel Jack and Nicholas

Saenz. In addition, Plaintiff asserts that its counsel never received availability dates from Defendant to depose Chris Fidler, who was listed in the Rule 26 disclosures, and Defendant refused to continue the deposition of its corporate representative when Plaintiff's counsel experienced an internet issue. However, the Motion further reflects that Kaplan's deposition took place before expiration of the discovery deadline and indicates that further scheduling efforts with respect to the remaining witnesses were taking place in May, June, and July 2022, such that Plaintiff could have sought the Court's intervention prior to the expiration of the applicable deadlines. Under those circumstances, it was incumbent upon Plaintiff to timely bring to the Court's attention any perceived delays caused by Defendant or otherwise, and Plaintiff has failed to do so.

Moreover, Defendant timely filed its pre-trial motions, and therefore reopening discovery would essentially provide Plaintiff the opportunity to obtain additional evidence to rebut Defendant's assertions in those motions, which would be improper.

Plaintiff fails to show good cause for the requested extension of the deadlines.

As a result, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [37]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 25, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4